ANTHONY J. ONCIDI (State Bar No. 118135)
aoncidi@proskauer.com
PHILIPPE A. LEBEL (State Bar No. 274032)
plebel@proskauer.com
DYLAN K. TEDFORD (State Bar No. 332951)
dtedford@proskauer.com
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone:   (310) 284-5690
Facsimile:    (310) 557-2193

Attorneys for Defendant
HARRY WINSTON, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMER SROUR AYOUB,<br><br>            Plaintiff,<br><br>      v.<br><br>HARRY WINSTON, INC. and DOES 1 to 100, inclusive,<br><br>            Defendants. | Case No. _____<br><br>**DECLARATION OF PHILIPPE A. LEBEL** |

DECLARATION OF PHILIPPE A. LEBEL
CASE NO. _____

## DECLARATION OF PHILIPPE A. LEBEL

I, PHILIPPE A. LEBEL, declare as follows:

1. I am over the age of 18. I am an associate with the law firm Proskauer Rose LLP, counsel of record for defendant Harry Winston, Inc. ("Harry Winston") in the action filed by Plaintiff Samer Srour Ayoub ("Plaintiff" or "Ayoub"), and am admitted to practice before this Court. Except as otherwise indicated below, I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2. On February 5, 2021, Plaintiff, through his counsel, caused a copy of the Complaint and Summons to be served on Harry Winston by sending the Summons and Complaint to me, pursuant to section 415.30 of the California Code of Civil Procedure ("Section 415.30"). A true and correct copy of the Summons and Complaint that were served on my offices on February 5, 2021 are attached hereto as **Exhibits A** and **B**, respectively. Enclosed with the Summons and Complaint was a Notice and Acknowledgement of Receipt – Civil ("NAR"), pursuant to section 415.30 of the California Code of Civil Procedure. A true and correct copy of the NAR served on my offices is attached hereto as **Exhibit C**.

3. On February 24, 2021, I executed the NAR and it was served by U.S. Mail and email upon counsel for Plaintiff. A true and correct copy of the executed NAR served on Plaintiff's counsel is attached hereto as **Exhibit D**.

4. On March 3, 2021, Harry Winston filed its Answer to Plaintiff's Complaint (the "Answer") in the San Francisco Superior Court and served it upon Plaintiff, through his counsel, via email and U.S. Mail. A true and correct copy of the Answer is attached hereto as **Exhibit E**.

5. Attached hereto as **Exhibits F-1** through **F-3** are true and correct copies of all other all process, pleadings, and/or orders served on Harry Winston, in accordance with 28 U.S.C. § 1446(a).

///

///

DECLARATION OF PHILIPPE A. LEBEL
CASE NO. _____

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 5th day of March 2021 in West Hollywood, California.

_____
PHILIPPE A. LEBEL

DECLARATION OF PHILIPPE A. LEBEL
CASE NO. _____

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARRY WINSTON, INC. and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMER SROUR AYOUB

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is: | *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | |

San Francisco County Superior Court
400 McAllister St., San Francisco, CA 94102

**CGC-21-588879**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frontier Law Center, APC, 23901 Calabasas Rd, Suite 2074, Calabasas, CA, 91302, (818) 914-3433

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* **01/15/2021** | *(Secretario)* **KALENE APOLONIO** | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

# EXHIBIT B

1  Manny Starr (319778)
   manny@frontierlawcenter.com
2  Dan Ginzburg (327338)
   Dan@frontierlawcenter.com
3  Joseph A. Gross (332258)
   Joseph@frontierlawcenter.com
4  Frontier Law Center
   23901 Calabasas Road, #2074
5  Calabasas, CA 91302
   Telephone: (818) 914-3433
6  Facsimile: (818) 914-3433

7  Attorneys for Plaintiff
   Samer Ayoub
8

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/12/2021**
**Clerk of the Court**
BY: KALENE APOLONIO
Deputy Clerk

9

10              SUPERIOR COURT OF CALIFORNIA

11              COUNTY OF SAN FRANCISCO

12  SAMER SROUR AYOUB,                    ) NO.
                                          )              **CGC-21-588879**
13         Plaintiff,                     ) COMPLAINT
                                          )
14     v.                                 ) 1. Meal Period Violation
                                          ) 2. Rest Period Violation
15  HARRY WINSTON, INC. and DOES 1 to 100,) 3. Failure to Pay Minimum Wage
    inclusive,                            ) 4. Failure to Pay Overtime
16                                        ) 5. Waiting Time Penalties
           Defendants.                    ) 6. Wage Statement Violation
17                                        ) 7. Violation of Unfair Competition Law
                                          ) 8. Unlawful Harassment in Violation of
18  ──────────────────────────────────────    Government Code §12940(j)
                                             9. Failure to Prevent Discrimination and
19                                           Retaliation Pursuant to Government Code
                                             §12940(k)
20                                           10. Wrongful Termination in Violation of
                                             Public Policy
21                                           11. Wrongful Termination in Violation of
                                             Labor Code §6310
22                                           12. Intentional Infliction of Emotional
                                             Distress
23

24

25                       PRELIMINARY ALLEGATIONS

26  1.      Plaintiff Samer Srour Ayoub ("Plaintiff") is a resident of Santa Clarita County.

27  2.      Defendant HARRY WINSTON, INC., ("WINSTON") is a New York Corporation doing

28  business in San Francisco County.

                              -1-

3.      Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

4.      All named and Doe defendants are collectively referred to as "Defendants."

5.      Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

6.      On December 16, 2020 Plaintiff sent a PAGA letter via certified mail to Defendants and uploaded the letter to the Labor and Workforce Development Agency ("LWDA") website (LWDA Case No. LWDA-CM-815862-20). Once the 65-day PAGA notice period elapses, Plaintiff will amend his complaint to seek PAGA penalties.

7.      Pursuant to Labor Code section 2698, et. seq., Plaintiff will seek to represent all other nonexempt security guards employed by Defendants in California during the PAGA Period. ("Aggrieved Employees")

8.      The PAGA Period is defined as December 16, 2019 through the date of settlement approval or judgment.

## FACTUAL ALLEGATIONS

9.      Defendants employed Plaintiff as a security guard from approximately February 19, 2019 to September 15, 2020.

10.      Defendants employed Plaintiff and the Aggrieved Employees as security guards in California. Therefore, Industrial Welfare Commission Wage Order 4 applies.

11.      Plaintiff and the Aggrieved Employees regularly performed "off-the-clock" work prior to the start of their shifts; performing various tasks in preparation for their workday, including putting on their radios, briefing, and other preparatory tasks.

12.      Defendants did not compensate Plaintiff and the Aggrieved Employees for this off-the-clock work.

13.      As such, Defendants failed to pay Plaintiff and the Aggrieved Employees minimum wage for all hours worked. Therefore, Defendants are in violation of Labor Code §1194.

14.      In many cases, Plaintiff and Aggrieved Employees worked for eight (8) hours or more in a

single shift.

15.     Therefore, some of the off-the-clock work that Defendants failed to compensate Plaintiff and the Aggrieved Employees for was necessarily overtime work. Therefore, Defendants are in violation of Labor Code §1194

16.     Plaintiff and the Aggrieved Employees were often denied compliant meal and rest periods, in violation of Labor Code §226.7.

17.     Specifically, Plaintiff and the Aggrieved Employees were discouraged were always on-call and were expected to cut their purported breaks short if they received a call to return to work.

18.     Despite their failure to provide Plaintiff and the Aggrieved Employees with compliant meal and rest periods, Defendants failed to provide Plaintiff and the Aggrieved Employees with "premium pay" for those missed meal and rest periods, in violation of Labor Coe §226.7

19.     As a result of Defendants' violations of Labor Code §§226.7 and 1194, Plaintiff and the Aggrieved Employees who are no longer employed by Defendants were not paid all wages due and owing at the time their employment with Defendants ended, and thus are entitled to waiting time penalties, as set forth in Labor Code §§201 – 203.

20.     Defendants utilized a rounding policy in determining Plaintiff and the Aggrieved Employees' wages earned. However, as a result of the rounding policy, Plaintiff and the Aggrieved Employees' wage statements did not accurately list the total hours worked or the number of hours worked at each hourly rate.

21.     Additionally, Defendants failed to list, or compensate for, Plaintiff and the Aggrieved Employees' off-the-clock work. As a result of this failure, Plaintiff and the Aggrieved Employees' wage statements did not accurately list the total hours worked or the number of hours worked at each hourly rate.

22.     Therefore, Defendants' failed to comply with the mandates of Labor Code §226.

23.     Defendants have profited by virtue of their non-compliance with the Labor Code; rather than pay Plaintiff and the Aggrieved Employees minimum wage, overtime, and premium pay, Defendants are free to treat those illegally withheld funds as profits, whereas businesses that comply with the Labor Code cannot.

24.     Plaintiff was subjected to harassment based on the fact that he is middle eastern, and from the country of Jordan.

25.     Specifically, Plaintiff's supervisor Luis Tapia asked Plaintiff if "[Plaintiff] would join ISIS and cut peoples' heads off when he was rich."

26.     Plaintiff's co-workers asked Plaintiff if "[Plaintiff] would convert to Islam and marry multiple wives."

27.     Plaintiff's co-worker Officer Reese made physical threats against Plaintiff.

28.     On July 3, 2020, Plaintiff texted Luis Tapia to inform him that Plaintiff did not feel safe working with Officer Reese after that threat.

29.     On July 4, 2020, Plaintiff e-mailed Mario Chavra, Defendant's west coast manager, noting that Officer Reese took significant issue with Plaintiff, threatened Plaintiff, and asked that he not be scheduled to work alone with Officer Reese.

30.     The harassing conduct was ongoing, pervasive, and severe.

31.     On September 12, 2020 Plaintiff texted Mario Chavra to inform him that Officer Reese's conduct had become so severe that he needed to put in his two-week notice when Luis Tapia returned.

32.     Specifically, Plaintiff noted "It's too much I can't do it anymore…"

33.     A reasonable Jordanian or person of middle eastern descent in Plaintiff's circumstances would have considered the work-environment to be intimidating, offensive, oppressive, or abusive.

34.     On September 15, 2020 Defendants terminated Plaintiff's employment because Plaintiff complained about unsafe working conditions vis-à-vis Officer Reese's ongoing threats of physical violence against Plaintiff.

35.     On December 16, 2020, Plaintiff exhausted his administrative remedies by filing a Complaint of Discrimination with the California Department of Fair Employment & Housing ("DFEH" regarding the claims alleged herein against Defendants. The DFEH issued immediate rights-to-sue on December 16, 2020.

///

///

**FIRST CAUSE OF ACTION**

**Meal Period Violation**

**By Plaintiff Against All Defendants**

36.     Plaintiff incorporates by reference the paragraphs above.

37.     IWC Wage Order 4-2001 and Labor Code section 512 require employers to provide its employees with compliant meal periods.

38.     These provisions also provide that an employer may not employ any person for a work period of more than five hours per day without a meal period of not less than 30 minutes.

39.     Plaintiff was not provided with compliant meal and rest breaks as set forth above and incorporated by reference herein.

40.     As a result, Defendants are required to remit premium pay pursuant to Labor Code section 226.7(c) for each missed break, which is one additional hour of pay at their regular rate of compensation for each day that a meal period was not allowed.

**SECOND CAUSE OF ACTION**

**Rest Period Violation**

**By Plaintiff Against All Defendants**

41.     Plaintiff incorporates by reference the paragraphs above.

42.     Pursuant to Section 12 of IWC Wage Order 4-2001 every employer shall authorize and permit employees to take rest periods of ten minutes for every four hours, or major fraction thereof, worked.

43.     Pursuant to Labor Code section 226.7(c) and subpart (D) of paragraph 12 of IWC Wage Order 4-2001, if an employer fails to provide an employee with the required rest period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

44.     Defendants violated Labor Code section 226.7(c) and IWC Wage Order 4-2001 when they failed to provide Plaintiff and the Class with duty free rest periods, as more fully set forth above, and incorporated herein by reference.

45.     As a result of Defendants' violation of the law in requiring Plaintiff to perform work

1  without providing duty free rest periods, Plaintiff is entitled to premium pay.

2  **THIRD CAUSE OF ACTION**

3  **Failure to Pay Minimum Wage**

4  **By Plaintiff Against All Defendants**

5  46.     Plaintiff incorporates by reference the paragraphs above.

6  47.     Pursuant to Labor Code section 1194 an employee who receives less than the legal

7  minimum wage for all hours worked is entitled to recover the full amount of this minimum wage

8  compensation in a civil suit.

9  48.     Plaintiff was required to perform off-the-clock work virtually every day he worked.

10  49.     Defendants did not compensate Plaintiff for this off-the-clock work.

11  50.     Therefore, Defendants failed to provide Plaintiff with minimum wage for all hours worked,

12  and Plaintiff is entitled to recover the full amount of that minimum wage compensation in this civil

13  suit.

14  51.     Pursuant to Labor Code section 1194, Plaintiff is further entitled to recover interest, fees,

15  and costs.

16  Pursuant to Labor Code section 1194.2, Plaintiff is entitled to recover double the unpaid minimum

17  wage as liquidated damages.

18  **FOURTH CAUSE OF ACTION**

19  **Failure to Pay Minimum Wage**

20  **By Plaintiff Against All Defendants**

21  52.     Plaintiff incorporates by reference the paragraphs above.

22  53.     Pursuant to Labor Code section 1194 an employee who receives less than the legal overtime

23  wage for all overtime hours worked is entitled to recover the full amount of this overtime wage

24  compensation in a civil suit.

25  54.     Plaintiff was required to perform off-the-clock work virtually every day he worked.

26  55.     Defendants did not compensate Plaintiff for this off-the-clock work.

27  56.     Plaintiff regularly worked eight (8) hour shifts.

28  57.     Therefore, any uncompensated time on days where Plaintiff worked an eight (8) hour shift

1  is necessarily uncompensated overtime.

2  58.      Therefore, Defendants failed to provide Plaintiff with overtime wages for all overtime hours

3  worked, and Plaintiff is entitled to recover the full amount of that overtime compensation in this

4  civil suit.

5  59.      Pursuant to Labor Code section 1194, Plaintiff is further entitled to recover interest, fees,

6  and costs.

7  **FIFTH CAUSE OF ACTION**

8  **Waiting Time Penalties**

9  **By Plaintiff Against All Defendants**

10  60.      Plaintiff incorporates by reference the paragraphs above.

11  61.      Defendants terminated Plaintiff's employment on September 15, 2020

12  62.      Defendants failed to provide Plaintiff with "premium pay" for non-compliant meal and rest

13  periods during their employment.

14  63.      Defendants failed to provide Plaintiff with minimum wage for all hours worked.

15  64.      Defendants failed to provide Plaintiff with overtime wages for all overtime hours worked.

16  65.      It follows that Defendants further failed to pay Plaintiff these wages earned at the

17  conclusion of their employment.

18  66.      As such, Defendants failed to pay Plaintiff all wages due and payable at the time of

19  termination, or the waiting time penalties thereon, as required by Labor Code §§ 201-203.

20  67.      Such a pattern, practice and uniform administration of corporate policy regarding illegal

21  employee compensation as described herein is unlawful and creates an entitlement to recovery by

22  the Plaintiff in a civil action, for the unpaid balance of the full amount of damages and penalties,

23  attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203,

24  218.5, and 1194.

25  **SIXTH CAUSE OF ACTION**

26  **Wage Statement Violation**

27  **By Plaintiff Against All Defendants**

28  68.      Plaintiff incorporates by reference the paragraphs above.

69.     Defendants failed to provide Plaintiff with compliant wage statements since the wage statements issued did not accurately list the total hours worked, number of hours worked at each hourly rate, wages earned, or the legal name of the employer, among other things.

70.     Therefore, Plaintiff suffered an injury pursuant to Labor Code §§226(2)(B), and (C).

71.     On information and belief, Defendants were advised by skilled lawyers and knew of the requirements of the California Labor Code, but intentionally and willfully failed to comply.

72.     As a result of these knowing and intentional violations, Labor Code section 226(e) requires Defendants to pay to the greater of all actual damages or $50.00 for the initial pay period per employee in which the violation occurred, and $100.00 for each subsequent violation, plus attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### By Plaintiff Against All Defendants

73.     Plaintiff incorporates by reference the paragraphs above.

74.     Defendants' conduct described above constituted unfair competition.

75.     Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they are owed.

76.     Pursuant to Business and Professions Code 17203, Plaintiff is entitled to restitution of all wrongfully withheld wages.

77.     Plaintiff may recover attorney fees pursuant to Code of Civil Procedure section 1021.5.

### EIGHTH CAUSE OF ACTION

### Unlawful Harassment Violation of Government Code §12940(j)

### By Plaintiff Against All Defendants

78.     Plaintiff incorporates by reference the paragraphs above.

79.     Pursuant to Government Code section 12940(j), it is unlawful for an employer or individual to harass an employee on the basis of, among other things, the employee's sex, gender, race, color, and/or national origin.

80.     Defendants engaged in actions to harass Plaintiff because of his race and/or national origin. Defendants, and each of them, violated Government Code section 12940(j) by creating a hostile work environment and by failing to prevent said acts from occurring.

81.     Plaintiff's supervisor Luis Tapia asked Plaintiff if "[Plaintiff] would join ISIS and cut peoples' heads off when he was rich."

82.     Plaintiff's co-workers asked Plaintiff if "[Plaintiff] would convert to Islam and take multiple wives."

83.     The conduct described above was known by Defendants' management.

84.     Defendants are liable for the above-referenced individuals' conduct because they were supervisors and/or because Defendants knew, or should have known, of the conduct and failed to prevent it and/or condoned it.

85.     Plaintiff believes that his race and/or national origin were the cause of the unwanted harassing conduct described above.

86.     Defendants actions were sufficiently severe and pervasive to alter the conditions of employment and thereby constituted a hostile work environment in violation of FEHA.

87.     As a direct, foreseeable, and proximate cause of Defendants actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

88.     In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

89.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

///

///

**NINTH CAUSE OF ACTION**

**Failure to Prevent Discrimination and Retaliation Pursuant to Government Code §12940(k)**

**By Plaintiff Against All Defendants**

90.     Plaintiff incorporates by reference the paragraphs above.

91.     During the course and scope of Plaintiff's employment, and after, Defendants failed to prevent the above-referenced acts of discrimination towards Plaintiff in violation of Government Code section 12940, subdivision (k).

92.     Defendant's failure to undertake a prompt and adequate investigation and its complete failure to prevent the above-alleged acts of discrimination constitutes an unlawful employment practice.

93.     As a proximate result of Defendant's violation of Government Code section 12940, subdivision (k), Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

94.     In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

95.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

**TENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**By Plaintiff Against All Defendants**

96.     Plaintiff incorporates by reference the paragraphs above.

97.     On July 3, 2020, July 4, 2020, and September 12, 2020, Plaintiff informed his supervisor Luis Tapia, and the West Coast Manager Mario Chavra, about his co-worker's repeated threats of violence against him.

98.     There is an established public policy in favor or promoting a safe work environment, which is free from violence and/or threats of violence.

99.     There is an established public policy in favor of encouraging employees to report threats of violence to their employers.

100.    Rather than address Plaintiff's repeated reports of his co-worker's threats of violence, Defendants simply terminated Plaintiff's employment to rectify the situation.

101.    Specifically, Plaintiff made a final complaint about his co-worker's threats of violence on September 12, 2020; Plaintiff was terminated on September 15, 2020.

102.    In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

103.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

**ELEVENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Government Code Section 6310**

**By Plaintiff Against All Defendants**

104.    Plaintiff incorporates by reference the paragraphs above.

105.    Government Code section 6310 prohibits an employer from discharging or retaliating against an employee for reporting unsafe working conditions, or work practices, in his place of employment.

106.    Plaintiff reported credible threats of violence, made by his co-worker, to Defendants on numerous occasions to no avail.

107.    Rather than rectify the situation, Defendants terminated Plaintiff's employment 3 days after his final complaint regarding an unsafe work environment.

108.    Pursuant to Government Code section 6310, subdivision (b), Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits.

///

**TWELFTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**By Plaintiff Against All Defendants**

109.    Plaintiff incorporates by reference the paragraphs above.

110.    The conduct of Defendants, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lied outside the compensation bargain.

111.    Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law and public policy.

112.    As a proximate result of the wrongful conduct of Defendants, Plaintiffs have sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

113.    As a further proximate result of the wrongful conduct of Defendants, Plaintiff have suffered and continue to suffer humiliation, embarrassment, sever emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

114.    In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

**<u>PRAYER</u>**

First Cause of Action

1. Premium pay;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper.

///

///

///



Second Cause of Action

1. Premium pay;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper.

Third Cause of Action

1. Unpaid minimum wage;

2. Liquidated damages;

3. Attorneys' fees;

4. Costs; and

5. Other relief the court deems proper

Fourth Cause of Action

1. Unpaid overtime wage;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper

Fifth Cause of Action

1. Waiting time penalty;

2. Other relief the court deems proper.

Sixth Cause of Action

1. Wage statement penalty;

2. Attorney fees and costs;

3. Other relief the court deems proper.

Seventh Cause of Action

1. Restitution of unpaid wages, premium pay, and work expenditures;

2. Attorney fees and costs;

3. Other relief the court deems proper.

Eighth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Ninth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Tenth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Eleventh Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs; and

5. Interest

Twelfth Cause of Action

1. Emotional distress.

2. Attorneys' fees;

3. Costs; and

4. Punitive damages

Date:   December 30, 2020                FRONTIER LAW CENTER

Manny Starr
Attorney for Plaintiff
Samer Srour Ayoub

# EXHIBIT C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Manny Starr (319778); Daniel Ginzburg (327338)
Frontier Law Center
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
TELEPHONE NO: (818) 914-3433    FAX NO. *(Optional):* (818) 914-3433
E-MAIL ADDRESS *(Optional):* manny@frontierlawcenter.com
ATTORNEY FOR *(Name):* Plaintiff Samer Srour Ayoub

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Samer Srour Ayoub

DEFENDANT/RESPONDENT: Harry Winston, Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-21-588879 |
|---|---|

TO *(insert name of party being served):* HARRY WINSTON, INC. ET AL

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/5/2021

Heather Bourne
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
       Civil Case Cover Sheet, Notice and ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)    ▶    _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

# EXHIBIT D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Manny Starr (319778); Daniel Ginzburg (327338)<br>Frontier Law Center<br>23901 Calabasas Road, Suite 2074<br>Calabasas, California 91302<br>TELEPHONE NO: (818) 914-3433    FAX NO. *(Optional)*: (818) 914-3433<br>E-MAIL ADDRESS *(Optional)*: manny@frontierlawcenter.com<br>ATTORNEY FOR *(Name)*: Plaintiff Samer Srour Ayoub | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Samer Srour Ayoub

DEFENDANT/RESPONDENT: Harry Winston, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-21-588879 |
|---|---|

TO *(insert name of party being served)*: HARRY WINSTON, INC. ET AL

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 2/5/2021

Heather Bourne
_____
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*

   Civil Case Cover Sheet, Notice and ADR Packet

*(To be completed by recipient):* February 24, 2021

Date this form is signed:

Philippe A. Lebel for Defendant Harry Winston, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          ▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3010.

On February 24, 2021, I served the following document(s), described as:

**ACKNOWLEDGMENT OF RECEIPT**

☒     by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Manny Starr, Esq.
Daniel Ginzburg, Esq.
FRONTIER LAW CENTER
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
Telephone: (818) 914-3433
Facsimile:  (818) 914-3433
Email:  manny@frontierlawcenter.com
              dan@frontierlawcenter.com

☒     (By E-Mail)  By transmitting a true and correct copy thereof via electronic mail to the served parties.

☒     (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing.   Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     (By Personal Service) By personally delivering such envelope to the addressee.

☐     (By Overnight Delivery) By causing such envelopes to be delivered by the office of the addressee by OVERNIGHT DELIVERY via Federal Express or by other similar overnight delivery service.

☒     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2021, at Los Angeles, California.

Robert Linton
Type or Print Name                                             Signature

- 1 -
PROOF OF SERVICE

# EXHIBIT E

1  ANTHONY J. ONCIDI (SBN 118135)
   aoncidi@proskauer.com
2  PHILIPPE A. LEBEL (SBN 274032)
   plebel@proskauer.com
3  DYLAN K. TEDFORD (SBN 332951)
   dtedford@proskauer.com
4  PROSKAUER ROSE LLP
   2029 Century Park East, 24th Floor
5  Los Angeles, CA 90067-3010
   Telephone:   (310) 557-2900
6  Facsimile:    (310) 557-2193

7  Attorneys for Defendant,
   HARRY WINSTON, INC.

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF SAN FRANCISCO**

12                      **UNLIMITED JURISDICTION**

13

14  SAMER SROUR AYOUB,                          | Case No. CGC21588879
                              Plaintiff,
15                                              | **DEFENDANT HARRY WINSTON, INC.'S**
16           vs.                                | **ANSWER TO PLAINTIFF'S COMPLAINT**
                                                | **FOR DAMAGES**
17  HARRY WINSTON, INC. and DOES 1 to 100,
    inclusive,
18                              Defendants.      | Dept: 206
19                                              | Judge: Hon. Samuel K. Feng
                                                | Complaint Filed: 1/12/2021
20                                              | Trial Date:  None set

21

22

23

24

25

26

27

28

---

                  HARRY WINSTON INC.'S ANSWER TO COMPLAINT

Defendant Harry Winston, Inc. ("Harry Winston") hereby answers, objects and otherwise responds to Plaintiff Samer Srour Ayoub's ("Ayoub" or "Plaintiff") unverified Complaint ("Complaint") filed in the Superior Court of California for the County of San Francisco on January 12, 2021 as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Harry Winston denies, generally and specifically, each and every allegation in Plaintiff's Complaint. Harry Winston further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Harry Winston, or any of its past or present, agents, affiliates, representatives, subsidiaries, or employees.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged by Ayoub, Harry Winston also pleads the following separate and affirmative defenses to the Complaint:[1]

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Harry Winston.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.      Plaintiff's Eighth and Ninth Causes of Action and any related requests for relief are barred, in whole or in part, to the extent that Plaintiff failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.      The Complaint, and each cause of action alleged therein, is barred, in whole or in

---

[1] In setting forth the following "affirmative defenses," Harry Winston does not concede that it has the burden of proof or production on any of them, and does not assume the burden of proof with respect to any matter as to which Plaintiff has the burden of proof.

HARRY WINSTON INC.'S ANSWER TO COMPLAINT

part, by all applicable statutes of limitation, including but not limited to the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12960 *et seq.*, and California Code of Civil Procedure sections 335.1 and 338.

**FOURTH AFFRMATIVE DEFENSE**

**(Unclean Hands)**

4.     The Complaint, and each cause of action and request for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5.     Plaintiff is estopped from pursuing the Complaint, and each cause of action alleged therein, by reason of his own actions and course of conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

6.     Plaintiff is barred from any recovery pursuant to the Complaint because any such recovery would constitute unjust enrichment.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

7.     Ayoub's recovery pursuant to his purported harassment claims is barred under the avoidable consequences doctrine on the grounds that Ayoub failed to exercise reasonable care and diligence to avoid harm or loss that could have reasonably been prevented by such reasonable efforts.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

8.     Any and all causes of action in the Complaint based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act, Labor Code sections 3600 *et seq.*, and before the California Workers' Compensation Appeals Board.

## NINTH AFFIRMATIVE DEFENSE

### (Outside Scope of Administrative Charge/Complaint)

9.      Plaintiff's Eighth and Ninth Causes of Action and any related requests for relief are barred, in whole or in part, to the extent that any allegations related to those causes of action fall outside the scope of any administrative charge(s) filed by Plaintiff with the California Department of Fair Employment and Housing ("DFEH") and/or the U.S. Equal Employment Opportunity Commission ("EEOC").

## TENTH AFFIRMATIVE DEFENSE

### (Same Actions/Decisions Absent Alleged Discrimination/Retaliation)

10.     Plaintiff's Tenth and Eleventh Causes of Action and related requests for relief are barred, in whole or in part, because Harry Winston did not engage in discriminatory, retaliatory or otherwise unlawful conduct as alleged with respect to Plaintiff, but, even if it did, Harry Winston would have taken the same employment action(s) for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons absent such allegedly unlawful motivation(s).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Steps to Prevent Discrimination/Harassment/Retaliation)

11.     Plaintiff's Eighth and Ninth Causes of Action and request for punitive and/or exemplary damages are barred, in whole or in part, because Harry Winston took all reasonable steps to secure a workplace free of unlawful discrimination, harassment, and/or retaliation, including by implementing policies and practices prohibiting unlawful discrimination, harassment and/or retaliation in the workplace at all relevant times during Plaintiff's employment, of which Plaintiff unreasonably failed to avail himself.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

12.     Plaintiff's request for injunctive and/or other equitable relief is barred because Plaintiff has a complete and adequate remedy at law.

- 3 -

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate)**

3        13.    Plaintiff's Seventh through Twelfth Causes of Action and corresponding requests for

4    relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate his alleged damages,

5    which are denied.

6

**FOURTEENTH AFFIRMATIVE DEFENSE**

7

**(Punitive Damages Unconstitutional)**

8        14.    Plaintiff is not entitled to recover punitive or exemplary damages under the

9    Complaint because such an award would violate Harry Winston's rights under the Constitution of

10   the United States of America and the Constitution of the State of California, including, but not

11   limited to, Harry Winston's rights to: (1) procedural due process under the Constitution of the

12   State of California and the Fourteenth Amendment of the Constitution of the United States of

13   America; (2) protection from excessive fines as provided in the Eighth Amendment of the

14   Constitution of the United States of America, and Article I, Section 17 of the Constitution of the

15   State of California; and (3) substantive due process provided in the Constitution of the State of

16   California and the Fifth and Fourteenth Amendments of the Constitution of the United States of

17   America.

18

**FIFTEENTH AFFIRMATIVE DEFENSE**

19

**(No Overtime)**

20       15.    Each and every cause of action relating to purported "overtime," is barred on the

21   ground that, to the extent Plaintiff did work in excess of eight hours in any day or more than 40

22   hours in any workweek, such additional "work" was not authorized by Harry Winston and

23   performed without Harry Winston's knowledge or control.

24

**SIXTEENTH AFFIRMATIVE DEFENSE**

25

**(No Willful Non-Payment of Wages)**

26       16.    If Harry Winston is found to have failed to pay Plaintiff, or otherwise acted contrary

27   to the law, as alleged in the Complaint, which Harry Winston denies, Harry Winston acted at all

28   times on the basis of a good faith and reasonable belief that its actions were in compliance and

- 4 -

1  conformity with all applicable federal and state laws and/or written administrative regulations,

2  orders, rulings, guidance, and/or interpretations, and therefore Harry Winston's actions were not

3  willful, knowing, intentional, or in reckless disregard of the law.  In particular, as to the issuance

4  of Plaintiff's final wages upon resignation, the imposition of penalties pursuant to Labor Code

5  section 203 is unwarranted because Harry Winston timely paid Plaintiff his final wages following

6  his resignation and, therefore, there is a good faith dispute that any additional "wages" are or were

7  due.

8                              **SEVENTEENTH AFFIRMATIVE DEFENSE**

9                              **(Failure to Comply with Employer's Directives)**

10        17.     Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action

11  are barred, in whole or in part, to the extent that Plaintiff failed to substantially comply with all the

12  directions of his employer, as required by California Labor Code section 2856.

13                              **EIGHTEENTH AFFIRMATIVE DEFENSE**

14                              **(No Injury Suffered)**

15        18.     Plaintiff's purported cause of action under California Business and Professions Code

16  sections 17200 *et seq.* is barred to the extent he did not suffer actual injury.

17                              **NINETEENTH AFFIRMATIVE DEFENSE**

18                              **(Consent/Waiver of Meal/Rest Breaks)**

19        19.     Plaintiff's causes of action for alleged rest and/or meal break violations and any

20  derivative claims fail, in whole or in part, because to the extent Plaintiff failed to take a compliant

21  rest or meal break, he consented to waive or otherwise voluntarily waived his statutorily mandated

22  breaks, in accordance with California law.

23                              **TWENTIETH AFFIRMATIVE DEFENSE**

24                              **(Laches)**

25        20.     The Complaint, and each cause of action and request for relief alleged therein, is

26  barred, in whole or in part, by the doctrine of laches.

27

28

## **RESERVATION OF ADDITIONAL DEFENSES**

Harry Winston may not presently be aware of all available affirmative defenses. Accordingly, Harry Winston expressly reserves its right to amend this pleading to include further affirmative defenses, if warranted by further investigation and/or discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, HARRY WINSTON PRAYS FOR JUDGMENT AS FOLLOWS:

1.  That an award be made in favor of Harry Winston and against Plaintiff;

2.  That Plaintiff take nothing by his Complaint;

3.  That judgment be entered in favor of Harry Winston and that the case be dismissed in its entirety with prejudice;

4.  That Harry Winston be awarded its costs of suit and reasonable attorneys' fees; and

5.  For such other and further relief as the Court deems just and proper.

Dated:  March 3, 2021                          PROSKAUER ROSE LLP


By: _____
                                        Anthony J. Oncidi
                                        Philippe A. Lebel
                                        Dylan K. Tedford

                                        Attorneys for Defendant
                                        HARRY WINSTON, INC.

HARRY WINSTON INC.'S ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3010.

On March 3, 2021, I served the following document(s), described as:

**DEFENDANT HARRY WINSTON, INC.'S ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

☒        by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Manny Starr, Esq.
Daniel Ginzburg, Esq.
FRONTIER LAW CENTER
23901 Calabasas Road, Suite 2074
Calabasas, California 91302
Telephone: (818) 914-3433
Facsimile:  (818) 914-3433
Email:  manny@frontierlawcenter.com
            dan@frontierlawcenter.com

☒        (By E-Mail)  By transmitting a true and correct copy thereof via electronic mail to the served parties.

☒        (By Mail) I am "readily familiar" with the Firm's practice of collection and processing correspondence for mailing.   Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐        (By Personal Service) By personally delivering such envelope to the addressee.

☐        (By Overnight Delivery) By causing such envelopes to be delivered by the office of the addressee by OVERNIGHT DELIVERY via Federal Express or by other similar overnight delivery service.

☒        (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2021, at Los Angeles, California.

Robert Linton
——————————————         ——————————————
Type or Print Name                              Signature

- 1 -

PROOF OF SERVICE

# EXHIBIT F-1

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JUN-16-2021**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT F-2

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Manny M. Starr (319778)<br>Frontier Law Center<br>23901 Calabasas Road, #2074<br>Calabasas, CA 91302<br>TELEPHONE NO.: (818) 914-3433   FAX NO.: (818) 914-3433<br>ATTORNEY FOR *(Name):* Plaintiff, SAMER SROUR AYOUB | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**01/12/2021**<br>**Clerk of the Court**<br>BY: KALENE APOLONIO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: San Francisco

CASE NAME:
Ayoub v. Harry Winston, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-21-588879** |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 12
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2021
Manny M. Starr
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award
      (*not unpaid taxes*)
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint
      Case (*non-tort/non-complex*)
   Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT F-3



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

|  |  |
|---|---|
| The Honorable Michael I. Begert | The Honorable Harold E. Kahn |
| The Honorable Suzanne R. Bolanos | The Honorable Curtis E.A. Karnow |
| The Honorable Angela Bradstreet | The Honorable Charlene P. Kiesselbach |
| The Honorable Andrew Y.S. Cheng | The Honorable James Robertson, II |
| The Honorable Samuel K. Feng | The Honorable Richard B. Ulmer, Jr. |
| The Honorable Charles F. Haines | The Honorable Mary E. Wiss |

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

## EJT-001-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml*. The rules are at *www.courts.ca.gov/rules*.

### ( 1 )  What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- **The jury will be smaller.** There will be 8 jurors instead of 12.
- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

### ( 2 )  What cases have expedited jury trials?

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in ( 7 ) below.
  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial*, if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—**all parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in ( 9 ).

### ( 3 )  Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### ( 4 )  Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ( 5 )  Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ( 6 )  How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

**Expedited Jury Trial Information Sheet**

EJT-001-INFO, Page 1 of 2
➡

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

○   The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

⑦   **Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always.  There are some exceptions.

○   The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.

○   Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

> *The remainder of this information sheet applies only to*
> **voluntary** *expedited jury trials.*

⑧   **Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in ①, and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial,* which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

⑨   **Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

○   Misconduct of the judicial officer that materially affected substantial rights of a party;

○   Misconduct of the jury; or

○   Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

⑩   **Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if **both** sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney **before** agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO :<br><br>ATTORNEY FOR (*Name*): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

_____
Name of Party Stipulating

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____

☐ *Additional signature(s) attached*

ADR-2  03/15                STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                      FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                      Time:                      Dept.:                      Div.:                      Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐   a jury trial   ☐   a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:            f.   Fax number:
e.   E-mail address:             g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has  ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

### Expedited Jury Trial Information Sheet

#### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter**. Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

#### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

#### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

#### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

#### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) **At Filing and Prior to Setting of a Trial Date**: Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____   v.   _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html*. The rules are at *www.courts.ca.gov/rules*.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*

# Early Settlement Program

Consider The Bar Association of San Francisco's

**FAST!**
Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

**ECONOMICAL**

**FAST!**
Want the skills of experienced panelists working on obtaining, solicit, settle...

Learn more about the Early Settlement Program—scan the QR Code or visit www.sfbar.org/adr/esp

## The Early Settlement Program:

## Early Settlement provides:

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at cdr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.

## Who are the Panelists?

## Costs

## Contact

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

# MEDIATION SERVICES

FOR PONDING OUTSTANDING ADR SERVICES
Voted into the **Hall of Fame** In The Recorder's "Best of" Poll
5 YEARS IN A ROW 2010–2014



THE BAR ASSOCIATION OF SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq,*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq,*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"
*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."
*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
**www.sfbar.org/mediation**
**adr@sfbar.org or**
**415-982-1600**



## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more…

**QUALITY        EXPERIENCE        TRUST**

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**