1  Adam Rose (210880)
   adam@frontierlawcenter.com
2  Manny Starr (319778)
   manny@frontierlawcenter.com
3  Dan Ginzburg (327338)
   Dan@frontierlawcenter.com
4  Frontier Law Center
   23901 Calabasas Road, #2074
5  Calabasas, CA 91302
   Telephone: (818) 914-3433
6  Facsimile: (818) 914-3433

7  Attorneys for Plaintiff
   Samer Ayoub
8

9
10

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

12

| | |
|---|---|
| 13 SAMER SROUR AYOUB, on behalf of himself and all aggrieved employees, | ) NO. 4:21-cv-1599 JST |
| 14 | ) |
| | ) FIRST AMENDED COMPLAINT |
| 15            Plaintiff, | ) |
| | ) 1. Meal Period Violation |
| 16       v. | ) 2. Rest Period Violation |
| | ) 3. Failure to Pay Minimum Wage |
| 17 HARRY WINSTON, INC., | ) 4. Failure to Pay Overtime |
| | ) 5. Waiting Time Penalties |
| 18            Defendant. | ) 6. Wage Statement Violation |
| | ) 7. Violation of Unfair Competition |
| 19 | )    Law |

8. Unlawful Harassment in Violation
   of Government Code §12940(j)
9. Failure to Prevent Discrimination
   and Retaliation Pursuant to
   Government Code §12940(k)
10. Wrongful Termination in Violation
    of Public Policy
11. Wrongful Termination in Violation
    of Labor Code §6310
12. Intentional Infliction of Emotional
    Distress.
13. PAGA Penalties

27                    PRELIMINARY ALLEGATIONS

28  1.      Plaintiff Samer Srour Ayoub ("Plaintiff") is a resident of Santa Clara County.

-1-

2.     Defendant HARRY WINSTON, INC., ("WINSTON") is a New York Corporation doing business in San Francisco County.

3.     On March 5, 2021, Defendant removed the above-entitled action to the United States District Court for the Northern District of California so there is diversity jurisdiction under 28 USC § 1332(a).

4.     Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

5.     On December 16, 2020 Plaintiff sent a PAGA letter via certified mail to Defendants and uploaded the letter to the Labor and Workforce Development Agency ("LWDA") website (LWDA Case No. LWDA-CM-815862-20).

6.     The 65-day PAGA notice period has elapsed.

7.     Pursuant to Labor Code section 2698, et. seq., Plaintiff seeks to represent all other nonexempt security guards employed by Defendants in California during the PAGA Period. ("Aggrieved Employees")

8.     The Plaintiff permanently resides in California and the Defendant's primary place of business is in New York and the amount in dispute well exceeds $75,000. Therefore, the case is diverse.

9.     The PAGA Period is defined as December 16, 2019 through the date of settlement approval or judgment.

## FACTUAL ALLEGATIONS

10.    Defendants employed Plaintiff as a security guard from approximately February 19, 2019 to September 15, 2020.

11.    Defendants employed Plaintiff and the Aggrieved Employees as security guards in California. Therefore, Industrial Welfare Commission Wage Order 4 applies.

12.    Plaintiff and the Aggrieved Employees regularly performed "off-the-clock" work prior to the start of their shifts; performing various tasks in preparation for their

workday, including putting on their radios, briefing, and other preparatory tasks.

13.     Defendants did not compensate Plaintiff and the Aggrieved Employees for this off-the-clock work.

14.     As such, Defendants failed to pay Plaintiff and the Aggrieved Employees minimum wage for all hours worked. Therefore, Defendants are in violation of Labor Code §1194.

15.     In many cases, Plaintiff and Aggrieved Employees worked for eight (8) hours or more in a single shift.

16.     Therefore, some of the off-the-clock work that Defendants failed to compensate Plaintiff and the Aggrieved Employees for was necessarily overtime work. Therefore, Defendants are in violation of Labor Code §1194

17.     Plaintiff and the Aggrieved Employees were often denied compliant meal and rest periods, in violation of Labor Code §226.7.

18.     Specifically, Plaintiff and the Aggrieved Employees were discouraged were always on-call and were expected to cut their purported breaks short if they received a call to return to work.

19.     Despite their failure to provide Plaintiff and the Aggrieved Employees with compliant meal and rest periods, Defendants failed to provide Plaintiff and the Aggrieved Employees with "premium pay" for those missed meal and rest periods, in violation of Labor Coe §226.7

20.     As a result of Defendants' violations of Labor Code §§226.7 and 1194, Plaintiff and the Aggrieved Employees who are no longer employed by Defendants were not paid all wages due and owing at the time their employment with Defendants ended, and thus are entitled to waiting time penalties, as set forth in Labor Code §§201 – 203.

21.     Defendants utilized a rounding policy in determining Plaintiff and the Aggrieved Employees' wages earned. However, as a result of the rounding policy, Plaintiff and the Aggrieved Employees' wage statements did not accurately list the

1  total hours worked or the number of hours worked at each hourly rate.

2  22.    Additionally, Defendants failed to list, or compensate for, Plaintiff and the

3  Aggrieved Employees' off-the-clock work. As a result of this failure, Plaintiff and

4  the Aggrieved Employees' wage statements did not accurately list the total hours

5  worked or the number of hours worked at each hourly rate.

6  23.    Therefore, Defendants' failed to comply with the mandates of Labor Code

7  §226.

8  24.    Defendants have profited by virtue of their non-compliance with the Labor

9  Code; rather than pay Plaintiff and the Aggrieved Employees minimum wage,

10  overtime, and premium pay, Defendants are free to treat those illegally withheld

11  funds as profits, whereas businesses that comply with the Labor Code cannot.

12  25.    Plaintiff was subjected to harassment based on the fact that he is middle

13  eastern, and from the country of Jordan.

14  26.    Specifically, Plaintiff's supervisor Luis Tapia asked Plaintiff if "[Plaintiff]

15  would join ISIS and cut peoples' heads off when he was rich."

16  27.    Plaintiff's co-workers asked Plaintiff if "[Plaintiff] would convert to Islam and

17  marry multiple wives."

18  28.    Plaintiff's co-worker Officer Reese made physical threats against Plaintiff.

19  29.    On July 3, 2020, Plaintiff texted Luis Tapia to inform him that Plaintiff did not

20  feel safe working with Officer Reese after that threat.

21  30.    On July 4, 2020, Plaintiff e-mailed Mario Chavra, Defendant's west coast

22  manager, noting that Officer Reese took significant issue with Plaintiff, threatened

23  Plaintiff, and asked that he not be scheduled to work alone with Officer Reese.

24  31.    The harassing conduct was ongoing, pervasive, and severe.

25  32.    On September 12, 2020 Plaintiff texted Mario Chavra to inform him that

26  Officer Reese's conduct had become so severe that he needed to put in his two-week

27  notice when Luis Tapia returned.

28  33.    Specifically, Plaintiff noted "It's too much I can't do it anymore…"

34. A reasonable Jordanian or person of middle eastern descent in Plaintiff's circumstances would have considered the work-environment to be intimidating, offensive, oppressive, or abusive.

35. On September 15, 2020 Defendants terminated Plaintiff's employment because Plaintiff complained about unsafe working conditions vis-à-vis Officer Reese's ongoing threats of physical violence against Plaintiff.

36. On December 16, 2020, Plaintiff exhausted his administrative remedies by filing a Complaint of Discrimination with the California Department of Fair Employment & Housing ("DFEH" regarding the claims alleged herein against Defendants. The DFEH issued immediate rights-to-sue on December 16, 2020.

## FIRST CAUSE OF ACTION
### Meal Period Violation
### By Plaintiff Against All Defendants

37. Plaintiff incorporates by reference the paragraphs above.

38. IWC Wage Order 4-2001 and Labor Code section 512 require employers to provide its employees with compliant meal periods.

39. These provisions also provide that an employer may not employ any person for a work period of more than five hours per day without a meal period of not less than 30 minutes.

40. Plaintiff was not provided with compliant meal and rest breaks as set forth above and incorporated by reference herein.

41. As a result, Defendants are required to remit premium pay pursuant to Labor Code section 226.7(c) for each missed break, which is one additional hour of pay at their regular rate of compensation for each day that a meal period was not allowed.

## SECOND CAUSE OF ACTION
### Rest Period Violation
### By Plaintiff Against All Defendants

42.    Plaintiff incorporates by reference the paragraphs above.

43.    Pursuant to Section 12 of IWC Wage Order 4-2001 every employer shall authorize and permit employees to take rest periods of ten minutes for every four hours, or major fraction thereof, worked.

44.    Pursuant to Labor Code section 226.7(c) and subpart (D) of paragraph 12 of IWC Wage Order 4-2001, if an employer fails to provide an employee with the required rest period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

45.    Defendants violated Labor Code section 226.7(c) and IWC Wage Order 4-2001 when they failed to provide Plaintiff and the Class with duty free rest periods, as more fully set forth above, and incorporated herein by reference.

46.    As a result of Defendants' violation of the law in requiring Plaintiff to perform work without providing duty free rest periods, Plaintiff is entitled to premium pay.

**THIRD CAUSE OF ACTION**

**Failure to Pay Minimum Wage**

**By Plaintiff Against All Defendants**

47.    Plaintiff incorporates by reference the paragraphs above.

48.    Pursuant to Labor Code section 1194 an employee who receives less than the legal minimum wage for all hours worked is entitled to recover the full amount of this minimum wage compensation in a civil suit.

49.    Plaintiff was required to perform off-the-clock work virtually every day he worked.

50.    Defendants did not compensate Plaintiff for this off-the-clock work.

51.    Therefore, Defendants failed to provide Plaintiff with minimum wage for all hours worked, and Plaintiff is entitled to recover the full amount of that minimum wage compensation in this civil suit.

52.     Pursuant to Labor Code section 1194, Plaintiff is further entitled to recover interest, fees, and costs.

53.     Pursuant to Labor Code section 1194.2, Plaintiff is entitled to recover double the unpaid minimum wage as liquidated damages.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wage

### By Plaintiff Against All Defendants

54.     Plaintiff incorporates by reference the paragraphs above.

55.     Pursuant to Labor Code section 1194 an employee who receives less than the legal overtime wage for all overtime hours worked is entitled to recover the full amount of this overtime wage compensation in a civil suit.

56.     Plaintiff was required to perform off-the-clock work virtually every day he worked.

57.     Defendants did not compensate Plaintiff for this off-the-clock work.

58.     Plaintiff regularly worked eight (8) hour shifts.

59.     Therefore, any uncompensated time on days where Plaintiff worked an eight (8) hour shift is necessarily uncompensated overtime.

60.     Therefore, Defendants failed to provide Plaintiff with overtime wages for all overtime hours worked, and Plaintiff is entitled to recover the full amount of that overtime compensation in this civil suit.

61.     Pursuant to Labor Code section 1194, Plaintiff is further entitled to recover interest, fees, and costs.

## FIFTH CAUSE OF ACTION

### Waiting Time Penalties

### By Plaintiff Against All Defendants

62.    Plaintiff incorporates by reference the paragraphs above.

63.    Defendants terminated Plaintiff's employment on September 15, 2020

64.    Defendants failed to provide Plaintiff with "premium pay" for non-compliant meal and rest periods during their employment.

65.    Defendants failed to provide Plaintiff with minimum wage for all hours worked.

66.    Defendants failed to provide Plaintiff with overtime wages for all overtime hours worked.

67.    It follows that Defendants further failed to pay Plaintiff these wages earned at the conclusion of their employment.

68.    As such, Defendants failed to pay Plaintiff all wages due and payable at the time of termination, or the waiting time penalties thereon, as required by Labor Code §§ 201-203.

69.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by the Plaintiff in a civil action, for the unpaid balance of the full amount of damages and penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 218.5, and 1194.

## SIXTH CAUSE OF ACTION

### Wage Statement Violation

### By Plaintiff Against All Defendants

70.    Plaintiff incorporates by reference the paragraphs above.

71.    Defendants failed to provide Plaintiff with compliant wage statements since the wage statements issued did not accurately list the total hours worked, number of hours worked at each hourly rate, wages earned, or the legal name of the employer, among other things.

72.    Therefore, Plaintiff suffered an injury pursuant to Labor Code §§226(2)(B),

1  and (C).

2  73.    On information and belief, Defendants were advised by skilled lawyers and

3  knew of the requirements of the California Labor Code, but intentionally and

4  willfully failed to comply.

5  74.    As a result of these knowing and intentional violations, Labor Code section

6  226(e) requires Defendants to pay to the greater of all actual damages or $50.00 for

7  the initial pay period per employee in which the violation occurred, and $100.00 for

8  each subsequent violation, plus attorneys' fees and costs.

9

10                    **SEVENTH CAUSE OF ACTION**

11                **Violation of Unfair Competition Law**

12                **By Plaintiff Against All Defendants**

13  75.    Plaintiff incorporates by reference the paragraphs above.

14  76.    Defendants' conduct described above constituted unfair competition.

15  77.    Specifically, Defendants have gained an unfair advantage over other similarly

16  situated businesses by unlawfully reducing their overhead costs by not paying their

17  employees what they are owed.

18  78.    Pursuant to Business and Professions Code 17203, Plaintiff is entitled to

19  restitution of all wrongfully withheld wages.

20  79.    Plaintiff may recover attorney fees pursuant to Code of Civil Procedure

21  section 1021.5.

22

23                    **EIGHTH CAUSE OF ACTION**

24    **Unlawful Harassment Violation of Government Code §12940(j)**

25                **By Plaintiff Against All Defendants**

26  80.    Plaintiff incorporates by reference the paragraphs above.

27  81.    Pursuant to Government Code section 12940(j), it is unlawful for an employer

28  or individual to harass an employee on the basis of, among other things, the

employee's sex, gender, race, color, and/or national origin.

82.     Defendants engaged in actions to harass Plaintiff because of his race and/or national origin. Defendants, and each of them, violated Government Code section 12940(j) by creating a hostile work environment and by failing to prevent said acts from occurring.

83.     Plaintiff's supervisor Luis Tapia asked Plaintiff if "[Plaintiff] would join ISIS and cut peoples' heads off when he was rich."

84.     Plaintiff's co-workers asked Plaintiff if "[Plaintiff] would convert to Islam and take multiple wives."

85.     The conduct described above was known by Defendants' management.

86.     Defendants are liable for the above-referenced individuals' conduct because they were supervisors and/or because Defendants knew, or should have known, of the conduct and failed to prevent it and/or condoned it.

87.     Plaintiff believes that his race and/or national origin were the cause of the unwanted harassing conduct described above.

88.     Defendants actions were sufficiently severe and pervasive to alter the conditions of employment and thereby constituted a hostile work environment in violation of FEHA.

89.     As a direct, foreseeable, and proximate cause of Defendants actions, Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

90.     In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

91.   Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

**NINTH CAUSE OF ACTION**

**Failure to Prevent Discrimination and Retaliation Pursuant to Government Code §12940(k)**

**By Plaintiff Against All Defendants**

92.   Plaintiff incorporates by reference the paragraphs above.

93.   During the course and scope of Plaintiff's employment, and after, Defendants failed to prevent the above-referenced acts of discrimination towards Plaintiff in violation of Government Code section 12940, subdivision (k).

94.   Defendant's failure to undertake a prompt and adequate investigation and its complete failure to prevent the above-alleged acts of discrimination constitutes an unlawful employment practice.

95.   As a proximate result of Defendant's violation of Government Code section 12940, subdivision (k), Plaintiff has suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

96.   In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

97.   Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## TENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### By Plaintiff Against All Defendants

98.    Plaintiff incorporates by reference the paragraphs above.

99.    On July 3, 2020, July 4, 2020, and September 12, 2020, Plaintiff informed his supervisor Luis Tapia, and the West Coast Manager Mario Chavra, about his co-worker's repeated threats of violence against him.

100.   There is an established public policy in favor or promoting a safe work environment, which is free from violence and/or threats of violence.

101.   There is an established public policy in favor of encouraging employees to report threats of violence to their employers.

102.   Rather than address Plaintiff's repeated reports of his co-worker's threats of violence, Defendants simply terminated Plaintiff's employment to rectify the situation.

103.   Specifically, Plaintiff made a final complaint about his co-worker's threats of violence on September 12, 2020; Plaintiff was terminated on September 15, 2020.

104.   In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

105.   Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, are also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).


## ELEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Government Code Section 6310

### By Plaintiff Against All Defendants

106.   Plaintiff incorporates by reference the paragraphs above.

107.   Government Code section 6310 prohibits an employer from discharging or retaliating against an employee for reporting unsafe working conditions, or work practices, in his place of employment.

108.   Plaintiff reported credible threats of violence, made by his co-worker, to Defendants on numerous occasions to no avail.

109.   Rather than rectify the situation, Defendants terminated Plaintiff's employment 3 days after his final complaint regarding an unsafe work environment.

110.   Pursuant to Government Code section 6310, subdivision (b), Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits.

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### By Plaintiff Against All Defendants

111.   Plaintiff incorporates by reference the paragraphs above.

112.   The conduct of Defendants, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lied outside the compensation bargain.

113.   Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law and public policy.

114.   As a proximate result of the wrongful conduct of Defendants, Plaintiffs have sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

115.   As a further proximate result of the wrongful conduct of Defendants, Plaintiff have suffered and continue to suffer humiliation, embarrassment, sever emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

116.   In doing all the acts herein alleged, Defendants, through their managing

agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## THIRTEENTH CAUSE OF ACTION
## PRIVATE ATTORNEY'S GENERAL ACT
### (Plaintiff and the Aggrieved Employees Against All Defendants)

117.   Plaintiff and the Aggrieved Employees re-allege and incorporate by reference each andevery allegation contained in the paragraphs above and, to the extent necessary, plead this cause of action in the alternative.

118. PAGA permits the recovery of civil penalties for violations of the Labor Code.

119. With respect to violations of Labor Code sections 226.7 and 512(a) for Defendants' failureto provide Plaintiff and the Aggrieved Employees with meal and rest periods or compensation in lieu thereof, the penalties in Labor Code sections 558 and 2699 apply.

120. With respect to violations of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiff and the Aggrieved Employees, the penalties in Labor Code section 226.3 apply.

121. With respect to violations of Labor Code section 1194, for failure to pay overtime wages to Plaintiff and the Aggrieved Employees, the penalties in Labor Code section 2699 apply.

122. With respect to violations of Labor Code sections 201, and 202, for failure to timely pay all wages to Plaintiff and the Aggrieved Employees upon the conclusion of employment, the penalties in Labor Code section 2699 apply.

123. Additionally, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to Labor Code section 2699(g).

///

## PRAYER

First Cause of Action

1. Premium pay;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper.

Second Cause of Action

1. Premium pay;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper.

Third Cause of Action

1. Unpaid minimum wage;

2. Liquidated damages;

3. Attorneys' fees;

4. Costs; and

5. Other relief the court deems proper

Fourth Cause of Action

1. Unpaid overtime wage;

2. Attorneys' fees;

3. Costs; and

4. Other relief the court deems proper

Fifth Cause of Action

1. Waiting time penalty;

2. Other relief the court deems proper.

Sixth Cause of Action

1. Wage statement penalty;

2. Attorney fees and costs;

3. Other relief the court deems proper.

Seventh Cause of Action

1. Restitution of unpaid wages, premium pay, and work expenditures;

2. Attorney fees and costs;

3. Other relief the court deems proper.

Eighth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Ninth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Tenth Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs;

5. Interest; and

6. Punitive damages

Eleventh Cause of Action

1. Compensatory damages including, but not limited to, past and future lost wages and benefits;

2. Emotional distress.

3. Attorneys' fees;

4. Costs; and

5. Interest

Twelfth Cause of Action

1. Emotional distress.

2. Attorneys' fees;

3. Costs; and

4. Punitive damages

Thirteenth Cause of Action

1. For penalties pursuant to Labor Code sections 226.3, 558, and 2699

2. Attorney's fees and costs

3. Other relief the court deems proper

Date:  May 28, 2021                                        FRONTIER LAW CENTER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Manny Starr
Attorney for Plaintiff
Samer Srour Ayoub